UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
In Re CISCO SYSTEMS, INC.          )   No. 05-10261-RWZ
SECURITIES LITIGATION              )
                                   )
_____)   <u>CLASS ACTION</u>
                                   )
This Document Relates To:          )
                                   )
      ALL ACTIONS                  )
_____)

**MOTION OF MASSACHUSETTS FINANCIAL SERVICES COMPANY TO
RECONSIDER OR VACATE ORDER GRANTING PLAINTIFFS'
<u>MOTION TO COMPEL PRODUCTION OF EXPERT WORK PRODUCT</u>**

Massachusetts Financial Services Company ("MFS"), a third-party in this litigation, hereby requests that the Court reconsider or vacate its order dated July 21, 2005 granting plaintiffs' motion to compel production of MFS's expert work product. As grounds for its motion, MFS states as follows:

1.      Counsel for MFS received plaintiffs' motion to compel on July 6, 2005 in an envelope with no accompanying cover letter. The attached certificate of service stated that the motion had been sent by first class mail from San Diego, California.

2.      On July 12, 2005, Sharon Simpson Jones, counsel for MFS, conferred with Lesley Weaver and Lucas Olts, plaintiffs' counsel, by telephone to try to reach an agreement regarding discovery. During the call, MFS proposed the production of additional documents, which plaintiffs would review while reserving their right to proceed with their motion to compel. At the end of the call, MFS understood that if it produced additional documents, plaintiffs would

assent to a motion for a short extension of time to file MFS's opposition, to permit plaintiffs to review the documents and determine whether they resolved the issues in dispute.

3.      On July 18, 2005, Ms. Simpson Jones left a voice mail message for plaintiffs' counsel, confirming that MFS would produce additional documents, and that MFS would file an assented-to motion for extension of time with the Court.  Mr. Olts replied by letter on the evening of July 18 to inform MFS that any production short of all responsive documents would be unacceptable.  Plaintiffs' letter also denied that they had ever agreed to an extension of time.

4.      MFS decided that, rather than file an opposed motion to extend time, MFS would prepare and file its opposition to the motion to compel by what it believed was the original deadline.  MFS incorrectly believed it had fourteen days from July 5, 2005, plus three days to account for service by mail from California (i.e., until July 22, 2005) to file its opposition.  MFS filed the opposition on July 21, 2005.  Instead, as MFS's counsel now realizes, under Local Rule 7.1(b)(2) the opposition was filed two days late (because the Local Rule does not provide the three days for service by mail provided in the Federal Rules).

5.      The motion to compel is fully briefed and all relevant papers have been submitted to the Court (a 10-page motion and a 9-page opposition).  MFS asks the Court to vacate its order granting the motion to compel (granted as unopposed) and instead decide the motion.  MFS's two-day delay in filing its opposition resulted from an honest mistake of counsel, following a surprising refusal to agree to an extension.  As a third party to this action, MFS asks the Court to rule on the merits of the dispute.

6.      Plaintiffs do not assent to this motion.

-3-

WHEREFORE, MFS asks the Court to reconsider or vacate its Order granting plaintiffs' motion to compel production of expert work product.

Respectfully submitted,

MASSACHUSETTS FINANCIAL SERVICES COMPANY

By its attorneys,

/s/   Sharon Simpson Jones_____
William H. Paine  (BBO # 550506)
william.paine@wilmerhale.com
Sharon Simpson Jones  (BBO # 640851)
sharon.simpsonjones@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts
Telephone:  (617) 526-6000

Dated July 21, 2005