UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In Re CISCO SYSTEMS, INC.<br>SECURITIES LITIGATION | ) ) ) ) ) | No. 05-10261-RWZ<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | ) ) ) ) ) | |

### AFFIDAVIT OF SHARON SIMPSON JONES IN SUPPORT OF MEMORANDUM OF THIRD PARTY MASSACHUSETTS FINANCIAL SERVICES INVESTMENT MANAGEMENT IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF EXPERT WORK PRODUCT

I, Sharon Simpson Jones, declare as follows.

1.   I am an attorney admitted to the Bar of the Commonwealth of Massachusetts.  I am a junior partner at Wilmer Cutler Pickering Hale and Dorr LLP, which represents third party Massachusetts Financial Services Investment Management in the above-entitled action.  I have personal knowledge of the facts stated herein.  If called upon, I would testify to the following facts:

2.   Attached are true and correct copies of the following Exhibits:

Exhibit 1 - Letter from William H. Paine dated April 27, 2005

Exhibit 2 - Letter from Sharon Simpson Jones dated May 9, 2005

Exhibit 3 - Letter from Sharon Simpson Jones dated June 9, 2005

Exhibit 4 - Email from Lesley Weaver dated June 15, 2005

Exhibit 5 - Letter from Sharon Simpson Jones dated June 16, 2005

Exhibit 6 - Letter from Lucas Olts dated July 15, 2005

Exhibit 7 – Letter from Lucas Olts dated July 18, 2005

Exhibit 8 – Letter from Sharon Simpson Jones dated July 20, 2005.

Signed under the pains and penalties of perjury this 21st day of July, 2005.

Sharon Simpson Jones

1

# WILMER CUTLER PICKERING
## HALE and DORR LLP

April 27, 2005

**By Facsimile and First Class Mail**

Daniel S. Drosman, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, California 92101

William H. Paine

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6134
+1 617 526 5000 fax
william.paine@wilmerhale.com

Re:     In Re Cisco Systems, Inc. Securities Litigation
        Case No. C-01-20418-JW(PVT)(N.D. Cal)

Dear Mr. Drosman:

I am writing on behalf of MFS Investment Management ("MFS") to object to your subpoena dated April 8, 2005, and served on April 13, 2005, in connection with the above-referenced action (the "Subpoena").

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure ("Rules"), MFS objects to the request for production of documents and for testimony as set forth in the Subpoena, on the following grounds.

## General Objections

MFS objects to each of the Definitions, Instructions, the Relevant Time Period and Document Requests to the extent that it:

A.     is beyond the scope of discovery permitted under the Rules, or purports to impose obligations not permitted or required by the Rules;

B.     is not relevant to the claims or defenses of the parties in the Action, or not reasonably calculated to lead to the discovery of evidence admissible in the Action;

C.     calls for the production of documents or information protected by a privilege, including the attorney-client privilege and work product doctrine;

D.     is unduly broad;

E.     is unduly burdensome;

F.     seeks trade secret or confidential research, development or commercial information;

G.     is vague, ambiguous, or does not describe documents, information or testimony requested with reasonable particularity;

H.     calls for production of information not within MFS's possession, custody or control;

Daniel S. Drosman, Esq.
April 27, 2005
Page 2

I.    calls for information prepared by experts not employed by parties to the Action; or

J.    would require significant expense.

K.    MFS objects to the production of e-mail or other electronic data on the grounds that it is unduly burdensome and costly.

## Objections to Definitions

In addition to the General Objections, MFS objects to the following Definitions on the following grounds:

A.    The definition of the terms "document" or "documents" and "communication" or "communications" are overbroad, and would impose an undue burden. In addition, the definition of "document" or "documents" includes the use of terms that are vague and ambiguous, including but not limited to the term, "work product contracted by you." MFS specifically objects to the extent that the definition of "document" includes materials constituting attorney work product. This definition also would impose an undue burden to the extent that it calls for the production of "[d]ocuments that are identical, but in the possession of more than one person or entity."

B.    The definition of "Employee" is overbroad and encompasses persons or entities that MFS does not control.

C.    The definition of the term "concerning" is vague, ambiguous and overly broad, and descriptions incorporating that term are insufficiently particular, to the extent that they incorporate the term "relating to."

D.    The definition of the terms "you" or "your" is overbroad in that it would require production of information not within MFS's possession, custody or control, and is vague, ambiguous and overbroad to the extent that it refers to past or present parent, subsidiary or affiliated entities or those acting on behalf of the foregoing.

E.    The definition of the term "Cisco" is overly broad and ambiguous to the extent that it refers to past or present parent, subsidiary or affiliated entities or those acting on behalf of the foregoing.

## Objections to Instructions

In addition to the General Objections, MFS objects to the following Instructions on the following grounds:

Instructions 1 and 6 would impose an undue burden, as MFS cannot be expected to identify responsive documents that no longer exist, or to determine the whereabouts of documents not in MFS's possession or control. Moreover, Instructions 1 and 6 are improper in that they would impose obligations greater than those imposed by the Rules. MFS will not comply with Instructions 1 and 6; but will comply with the Rules.

Daniel S. Drosman, Esq.
April 27, 2005
Page 3

## The Relevant Time Period

The Relevant Time Period specified in Section III is overly broad and would impose an undue burden.

## Objections to Document Requests

In addition to the General Objections, MFS objects to the following Document Requests on the following grounds:

A.     MFS objects to Documents Requests 1-24 on the grounds that they are overly broad and would impose an undue burden.

B.     MFS objects to Document Requests 1 and 2 because the terms "analyses" and "other like documents" are vague and ambiguous.

C.     MFS objects to Document Request 3 because the term "on behalf of" is vague and ambiguous.

D.     MFS objects to Document Request 6 because it would impose obligations not imposed by the Rules, and because it is overbroad and would impose an undue burden. Specifically, MFS objects because this Request would impose an obligation on MFS to identify "any of Cisco's past or present customers, resellers, distributors, suppliers or contract manufacturers."

E.     MFS objects to Document Request 7 because the terms "guidance," "to assist," and "formulating" are vague and ambiguous.

F.     MFS objects to Document Request 8 on the grounds that it seeks to impose obligations not imposed by the Rules. MFS also objects because the terms "disputed, corrected, verified, adopted or endorsed" and "requested that you revised" are vague and ambiguous, would call for legal conclusions, and would impose an undue burden.

G.     MFS objects to Document Requests 9 and 10 because they are overbroad and would impose an undue burden.

H.     MFS objects to Document Request 11 because it is duplicative of other requests and because the time period is overbroad and would impose an undue burden.

I.     MFS objects to Document Requests 12 and 18 because they seek to impose obligations not imposed by the Rules and because they are overbroad and would impose an undue burden.

J.     MFS objects to Document Request 19 because it is duplicative of other requests.

K.     MFS objects to Document Request 20 because the terms "participation or involvement" are vague and ambiguous, because the time period is overbroad, and because it would impose an undue burden. MFS further objects because Document Request 20 does not provide enough information about the 32 specified entities to enable MFS to appropriately respond.

Daniel S. Drosman, Esq.
April 27, 2005
Page 4

L.     MFS object to Document Request 21 because it is duplicative of other requests and
because the time period is overbroad and would impose an undue burden.

M.     MFS objects to Document Request 22 because the time period is overbroad and would
impose an undue burden.

N.     MFS objects to Document Request 23 because it seeks to impose obligations not imposed
by the Rules, the term "for or relating to" is vague and ambiguous, and because it is overbroad
and would impose an undue burden.

O.     MFS objects to Document Request 24 because it seeks to impose obligations not imposed
by the Rules, and because it would call for the production of protected attorney work product and
attorney-client privileged communications.

Without limiting the foregoing, MFS also objects to Requests 1, 3-6, 10, 11, 13-15, 20 and 21 on
the grounds that the Subpoena may improperly seek the disclosure by MFS of what would be its
confidential research, development and commercial information, including notes and
recommendations of its analyst, David Sette-Ducati, in contravention of Fed. R. Civ.
P. 45(c)(3)(B)(ii). MFS is a third party and has not been retained as an expert witness by any party
to the underlying action. Thus, MFS should not have to disclose its confidential research, work
product and/or financial recommendations or conclusions developed for its and its paying clients'
exclusive use. See In re Subpoena Duces Tecum to Lehman Brothers Kuhn Loeb, Inc., Fed.
Sec. L. Rep. (CCH) ¶99,575 (S.D.N.Y. 1983) (compelling investment banking firm to produce its
confidential work product is tantamount to compelling it to perform expert services for plaintiffs
free of charge, and is not permissible under Rule 45).

The objections set forth in this letter are not necessarily comprehensive and MFS reserves the
right to assert other, additional grounds. By notifying you of its obligations herein, MFS does
not waive its rights to seek to quash or modify the Subpoena or to obtain any other relief.

MFS is of course willing to cooperate reasonably with you in connection with your subpoena.

Please call me so that we can discuss what you really need and when you need it.

Very truly yours,

*William H. Paine*

William H. Paine

WHP:mhf
Enclosure

cc:  Laura A. Coyne, Esq.

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

May 9, 2005

Sharon Simpson Jones

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6887
+1 617 526 5000 fax
sharon.simpsonjones@wilmerhale.com

**By Facsimile and First Class Mail**

Daniel S. Drosman, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, California 92101

Re:    In Re Cisco Systems, Inc. Securities Litigation

Dear Daniel:

As I informed you by email on May 2, 2005, the deposition of David Sette-Ducati, which you
have noticed for June 3, 2005, will need to be rescheduled for a later date. We will coordinate
with you to schedule another mutually-convenient date in June.

I also write to confirm that, during our telephone conference on Friday, April 29, you agreed to
the following modifications to the subpoena duces tecum to MFS Investment Management
("MFS") dated April 8, 2005 and served on April 13, 2005 ("Subpoena"): (1) the relevant time
period will be May 1, 1999 to June 1, 2001; (2) MFS will produce responsive documents on a
rolling basis; and (3) Plaintiffs will defer Document Requests 13, 14, 15, 18, 20 and 21.
Although MFS need not respond to these six requests at this time, Plaintiffs reserve the right to
review them at a later date. MFS agreed to produce responsive communications between its
research analysts assigned to cover Cisco Systems and Cisco Systems for the relevant time
period outlined above, to the extent that such communications can be located through a
reasonable search of those paper files and accessible email files (*i.e.*, searchable databases but
not backup tapes) where responsive documents are likely to be found.

As we have discussed, MFS objects to the production of documents that constitute or reflect the
expert opinion of its analysts, including but not limited to Mr. Sette-Ducati. Although MFS will
produce documents responsive to the Subpoena, MFS continues to assert this objection, as well
as the other objections, stated in our prior letter dated April 27, 2005. As we also have
discussed, additional limitations to the Subpoena may be appropriate. Accordingly, by agreeing
to the specific limitations described above, MFS does not waive its rights to seek to quash or
modify the Subpoena or to obtain any other relief.

Very truly yours,

*Sharon Simpson Jones*
Sharon Simpson Jones

SS:mhf
cc:   Laura A. Coyne, Esq.

BALTIMORE    BEIJING    BERLIN    BOSTON    BRUSSELS    LONDON
MUNICH    NEW YORK    NORTHERN VIRGINIA    OXFORD    WALTHAM    WASHINGTON

3

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

Sharon Simpson Jones

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6887
+1 617 526 5000 fax
sharon.simpsonjones@wilmerhale.com

June 9, 2005

**_By Federal Express_**

Lesley E. Weaver, Esq.
Lerach Coughlin Stoia Geller Rudman
    & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111

Re:    In re Cisco Systems, Inc. Securities Litigation

Dear Lesley:

Enclosed please find documents produced by MFS Investment Management ("MFS") in response to the subpoena duces tecum dated April 8, 2005 and served on April 13, 2005. The documents are Bates numbered MFS-CSCO 00001-01220.

This production contains responsive communications between Cisco Systems and MFS's research analysts assigned to cover Cisco Systems. However, this production does not contain research notes. This production also does not contain other notes of MFS research analysts which reflect their thought processes and opinions. As stated in our letters dated April 27, 2005 and May 9, 2005, MFS continues to object to the production of documents that constitute or reflect the expert opinions of its analysts.

Very truly yours,

Sharon Simpson Jones

SS:mhf
Enclosures

4

## Simpson Jones, Sharon

| | |
|---|---|
| **From:** | Lesley Weaver [LesleyW@lerachlaw.com] |
| **Sent:** | Wednesday, June 15, 2005 9:40 PM |
| **To:** | Simpson Jones, Sharon |
| **Cc:** | Dan Drosman |
| **Subject:** | In re: Cisco Systems Inc. Sec. Litig. |

Dear Sharon,

I write to follow up on our meet and confer earlier this afternoon
concerning the redaction of certain documents in the MFS document
production, which plaintiffs first received on Friday, June 10, 2005.

By way of background, MFS Investment Management was subpoenaed for
documents on April 8, 2005 with a return date of May 13, 2005, and Mr.
Sette-Ducati's deposition was noticed on April 12, 2005 for June 3,
2005. You initially asserted objections to the subpoena on April 27,
2005, but on May 9, 2005, you wrote plaintiffs indicating that MFS would
produce responsive documents. Notably, the May 9, 2005 letter indicated
that MFS would produce documents despite asserting an objection relating
to the expert opinion of MFS analysts.

On May 13, 2005, plaintiffs again conferred with you regarding the
deposition, and in that call, you agreed to produce documents by Friday,
May 27, 2005. Contrary to this agreement, you failed to produce
documents until June 10, 2005, just one week before Mr. Sette-Ducati's
scheduled deposition.

When plaintiffs received the documents, plaintiffs immediately
requested that the parties meet and confer regarding redactions in the
documents, and sent a follow-up letter today when you did not respond.
In today's call, you indicated that the documents were redacted for the
following reasons:

1. on the basis of attorney/client privilege relating to a single
communication concerning the gathering of documents in this action;
2.  for relevance as to information not relating to Cisco;  and
3.  on grounds of confidentiality because the documents reflected the
opinion and work product of MFS analysts.

It is now clear that MFS has both redacted and apparently withheld
documents on these grounds.

As I advised you on the phone, plaintiffs do not concede that MFS has
any basis to redact otherwise responsive documents. Your refusal to
produce analysts' notes based on some notion of confidentiality is
totally insupportable, especially given that the notes are least five
years old and would be protected by the applicable confidentiality
agreement in this case. This agreement was provided to you weeks ago.

Moreover, the case cited in your April 27, 2005 letter objections -
cited before MFS agreed to produce documents - is a 1983 case that has
no bearing here. In that case, In re Subpoena Duces Tecum to Lehman
Brothers Kuhn Loeb, Inc., Fed. Sec. L. Rep. (CCH) para.99,575 (S.D.N.Y.
1983), the court found that plaintiffs were not entitled to benefit from
Lehman Brothers' expert analysis. Indeed, the Lehman Bros. court
distinguished Kaufman v. Edelstein, 539 F.2d 811 (2d. Cir. 1976) for the
same reason:  parties could not depose third parties simply to obtain
free expert testimony. Here, the purpose of plaintiffs' discovery is
not to obtain a six-year-old analysis of Cisco to use in lieu of
testifying experts. Rather, plaintiffs seek to discover Mr.
Sette-Ducati's percipient analysis of Cisco during the Class Period.
Thus, this is a factual inquiry that is entirely appropriate even under

1

the Lehman Bros. case.

Accordingly, plaintiffs seek the immediate production of all such withheld documents, as well as the immediate production of all documents previously produced in redacted form without those redactions.

If MFS does not produce all such documents before 3 p.m. EST tomorrow, Thursday, June 16, 2005, plaintiffs will move to compel their production.  If plaintiffs are successful with this motion - and plaintiffs believe they will succeed - plaintiffs will then seek to re-depose Mr. Sette-Ducati with those documents.  Given your belated production and refusal to honor your earlier commitment to produce all responsive documents despite your objection, the court will almost certainly grant plaintiffs' motion to re-open Mr. Setti-Ducatti's deposition once you produce the documents that you were obligated to produce at the outset.

As I indicated earlier, I will be traveling to Boston tomorrow for the deposition.  Accordingly, please direct all correspondence and communications to Dan Drosman in my firm's San Diego office.

Very truly yours,

Lesley Weaver


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

5

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

Sharon Simpson Jones

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6887
+1 617 526 5000 fax
sharon.simpsonjones@wilmerhale.com

June 16, 2005

**_By Facsimile_**

Lesley E. Weaver, Esq.
Lerach Coughlin Stoia Geller Rudman
    & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111

Re:    In re Cisco Systems, Inc. Securities Litigation

Dear Lesley:

I was surprised to receive your email at 9:40 p.m. last evening, in which you demanded that MFS produce documents constituting the expert work product of its research analysts "before 3:00 p.m. EST" today.  MFS informed plaintiffs on April 27, 2005 that it objected to the production of its research analysts' expert work product and that MFS would not produce documents or portions of documents containing such expert work product.  As I mentioned during our conversation yesterday, MFS consistently has maintained this objection throughout all subsequent communications with Plaintiffs.

Furthermore, as I confirmed in my letter to Mr. Drosman dated May 9, 2005, MFS agreed to produce responsive communications between Cisco Systems and its research analysts assigned to cover Cisco Systems from May 1, 1999 to June 1, 2001, but continued to assert its objection to the production of documents that constitute or reflect the expert opinion of its research analysts. There is nothing unusual about agreeing to produce certain documents while objecting to the production of documents protected by a privilege or constituting expert work product. Furthermore, it completely misstates my earlier discussions with Mr. Drosman, as summarized in the May 9 letter, to imply that MFS waived any of its objections by agreeing to produce responsive documents.

MFS's objection to the production of its analysts' expert work product finds support not only in _In re Subpoena Duces Tecum to Lehman Brothers Kuhn Loeb, Inc.,_ Fed. Sec. L. Rep. (CCH) para. 99, 575 (S.D.N.Y. 1983), but also in Fed. R. Civ. P. 45(c)(3)(B)(ii).  Additional case law, which I cited in my discussion with Mr. Drosman on April 29, 2005, also supports MFS's position.  In contrast, your argument that the passage of time somehow obviates the protections afforded to MFS's expert work product is unsupported.  The existence of a confidentiality agreement also does not change the fact that plaintiffs are not entitled to obtain the expert work product of third-party research analysts.

Lesley E. Weaver, Esq.
June 16, 2005
Page 2

Although you now dispute the timing of MFS's document production, your email was the first time you have raised this issue. Regarding the scheduling of our meet and confer, which you first proposed in an email I received late Monday evening, I was unavailable on Tuesday and, likewise, you were unavailable when I attempted to speak with you yesterday morning. I believe that we spoke at the first mutually-convenient opportunity.

MFS agreed to produce responsive communications between Cisco and its research analysts assigned to Cisco, subject to its objection to the production of its analysts' expert work product, and MFS has done so. Plaintiffs now demand the production of additional documents on a few hours' notice. Plaintiffs are free to complain to the Court regarding MFS's failure to comply with their unreasonable and unwarranted ultimatum. However, MFS has cooperated fully with Plaintiffs in the production of responsive documents not constituting its expert work product, in agreeing to the restrictions imposed by the confidentiality agreement in this case, and in arranging for the deposition of Mr. Sette-Ducati at a mutually-convenient time and place.

Very truly yours,

Sharon Simpson Jones

SS:mhf


cc:  Daniel Drosman, Esq. (by facsimile)
     William H. Paine, Esq.

6



**LERACH**
**COUGHLIN**
**STOIA**
**GELLER**
**RUDMAN**
**ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

LUCAS F. OLTS
lukeo@lerachlaw.com

July 15, 2005

<u>VIA FACSIMILE/</u>
<u>ORIGINAL TO FOLLOW BY U.S. MAIL</u>

Sharon Simpson Jones
WILMER, CUTLER, PICKERING, HALE & DORR
60 State Street
Boston MA, 02109
617-526-5000

  Re: *In re Cisco Systems, Inc. Securities Litigation*
     No. C-01-20148-JW(PVT)

Dear Sharon:

  I write to memorialize the meet and confer on July 12, 2005 between you, myself, and Lesley Weaver regarding plaintiffs' motion to compel documents responsive to the subpoena served on MFS in the above entitled matter. During the meet and confer, you offered to produce all documents that reflect any communications between MFS and Cisco, but you continued to refuse to produce any documents which reflect "analysis" done by MFS. It is your position that such documents are protected by a purported "analysts' privilege."

  Plaintiffs do not believe any such claim of privilege is applicable to this situation. Plaintiffs are not seeking to piggyback on MFS' intellectual property for its intended use (*i.e.*, to make investment decisions about Cisco). Rather, plaintiffs simply seek MFS' analysis of Cisco during the relevant period of the subpoena based on information that was withheld from other shareholders, and the witnesses' reaction to that information as an assessment of its plausibility.

  Limiting MFS' document production to exclude the analysts' assessment of the veracity or plausibility of Cisco's statements is unacceptable. Any analysis done by MFS of their communications with Cisco is relevant to the litigation because it demonstrates the materiality of the statements made by Cisco.

  In an effort to reach a resolution and without conceding that such analysis is entitled to any trade secret protection, plaintiffs again offered to treat any analysis done by MFS as confidential under the Protective Order, just as all trade secrets are typically treated in the litigation process. Plaintiffs also proposed that MFS produce a set of responsive documents to be reviewed "attorney's eyes only" by plaintiffs' counsel prior to the day MFS' opposition to plaintiffs' motion is due. If the documents being withheld are truly inapplicable to the litigation, plaintiffs will consider MFS' request that the documents be withheld from the general production.



LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

Sharon Simpson Jones
July 15, 2005
Page 2

In response, you represented that you would consult with MFS and get back to us as soon as possible.

Sincerely,

LUCAS F. OLTS

LFO:gm

S:\CasesSD\Cisco\Corres\LTR Jones 071505 lfo.doc



7

LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
ROBBINS LLP

LUCAS F. OLTS
lukeo@lerachlaw.com

July 18, 2005

VIA FACSIMILE

Sharon Simpson Jones
WILMER, CUTLER, PICKERING, HALE & DORR
60 State Street
Boston MA, 02109

Re:    *In re Cisco Systems, Inc. Securities Litigation*
No. C-01-20148-JW(PVT)

Dear Ms. Jones:

I write in response to the voicemail you left for Lesley Weaver this afternoon. First, your voicemail mischaracterizes plaintiffs' proposal during the July 12, 2005 meet and confer. During the meet and confer, and subsequently memorialized in my letter of July 15, 2005, plaintiffs proposed a plan by which MFS would produce *all* responsive documents, prior to filing their opposition to plaintiffs' motion to compel, and that plaintiffs would review the documents "attorney's eyes only". Your voicemail represented that MFS would produce all "communications" between MFS and Cisco during the relevant period, but you continue to refuse to produce any documents which reflect "analysis" done by MFS. As plaintiffs have repeatedly stated, all analysis done by MFS of their communications with Cisco is relevant to the litigation because it demonstrates the materiality of the statements made by Cisco and not protected by any purported privilege. It is clear you have rejected plaintiffs' proposal that MFS produce *all* responsive documents as "attorney's eyes only." As MFS has refused to produce these documents, it is necessary to litigate this issue before the Court.

Second, plaintiffs oppose any extension of time for MFS to reply to plaintiffs' motion to compel. With the discovery cutoff in the litigation just three months away, any delay in resolving this matter would be highly prejudicial to plaintiffs' ability to prosecute their claims. At no time during the meet and confer did plaintiffs agree to an extension of time, nor would we now at this late date.


**LERACH**
**COUGHLIN**
**STOIA**
**GELLER**
**RUDMAN**
**& ROBBINS** LLP

Sharon Simpson Jones
July 18, 2005
Page 2

Please contact either myself or Lesley Weaver if you have any questions.

Sincerely,

LUCAS F. OLTS

LFO:maj

S:\CasesSD\Cisco\Corres\LTR00022812.doc

8

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

July 20, 2005

**_By Federal Express_**

Lesley E. Weaver, Esq.
Lerach Coughlin Stoia Geller Rudman
  & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

Sharon Simpson Jones

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6887
+1 617 526 5000 fax
sharon.simpsonjones@wilmerhale.com

Re:    In re Cisco Systems, Inc. Securities Litigation

Dear Lesley:

As we discussed during our telephone conference on July 12, 2005, you will find enclosed additional documents produced by MFS Investment Management ("MFS") in response to the subpoena duces tecum dated April 8, 2005 and served on April 13, 2005. These documents constitute communications between Cisco and MFS's research analysts assigned to Cisco for the time period May 1, 1999 to June 1, 2001, as excerpted from research notes and related notes. The documents are Bates numbered MFS-CSCO 01221 - 01263.

As I indicated during our July 12 discussion, MFS has redacted the documents to protect the expert work product of its research analysts. Pursuant to Fed. R. Civ. P. 45(c)(3)(B)(ii), MFS is not required to produce its analysts' expert work product. MFS makes this production in the interest of narrowing, if not resolving, the dispute between plaintiffs and MFS.

Very truly yours,

_Sharon Simpson Jones_
Sharon Simpson Jones

SS:mhf
Enclosures