UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re CISCO SYSTEMS, INC. SECURITIES LITIGATION | ) ) ) ) | No. 05-10261-RWZ<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) | OPPOSITION TO MASSACHUSETTS FINANCIAL SERVICES COMPANY'S MOTION TO RECONSIDER OR VACATE ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION |

**I.     INTRODUCTION**

The Pension Fund Plaintiffs[1] respectfully ask this Court to deny the motion for reconsideration or to vacate this Court's Order of July 21, 2005 ("Order") filed by Massachusetts Financial Services Company ("MFS") on July 22, 2005. The Order compels MFS to produce documents that plaintiffs have sought for months. Although plaintiffs have engaged in numerous meet and confer sessions with counsel for MFS, MFS has produced a few redacted documents late and in pieces. Even in the face of this Court's Order, MFS continues to withhold documents on grounds of a purported privilege that it selectively applies. Indeed, just yesterday MFS produced additional documents (although still in redacted form), tacitly admitting that those documents were wrongly withheld prior to the deposition of MFS analyst David Sette-Ducati on June 17, 2005. *See* Declaration of Lucas F. Olts in Support of Opposition to Massachusetts Financial Services Company's Motion to Reconsider or Vacate Order Granting Plaintiffs' Motion to Compel Production ("Olts Decl."), Ex. 1. This late production requires plaintiffs to re-depose that witness.

The discovery cut-off is set in this action for September 30, 2005. Plaintiffs have made every effort to accommodate MFS on grounds of professional courtesy without compromising their position on the merits by granting MFS a previous extension and by meeting and conferring on multiple occasions. However, the time for such accommodation is past. As it is, plaintiffs must review the improperly withheld documents and re-depose Mr. Sette-Ducati prior to the depositions of Cisco CEO and individual defendant John Chambers, Cisco CFO and individual defendant Larry

---

[1] The "Pension Fund Plaintiffs" are Plumbers and Pipefitters National Pension Fund, Central States, Southeast and Southwest Areas Pension Fund, Carpenters Pension Fund of Illinois, and Alexander Nehring. The Pension Fund Plaintiffs are seeking redress from Cisco Systems, Inc. ("Cisco") and certain of its officers and directors for issuing false and misleading statements regarding Cisco's financial condition between August 10, 1999 and February 6, 2001. Plaintiffs' claims were upheld by the Honorable James Ware on April 23, 2003.

Carter and numerous former Cisco officers. This is necessary because the documents reflect notes of conversations which occurred between MFS analysts and these individuals on key topics in the case–including whether Cisco closed its quarters early to manipulate its financial results. In short, MFS's dilatory tactics now threaten to substantively impede all discovery in this action. The motion should be denied. In the alternative, should this Court consider MFS's brief, plaintiffs ask that their motion to compel be granted.

## II.   MFS HAS REPEATEDLY DELAYED THIS LITIGATION AND IMPROPERLY WITHHELD RESPONSIVE DOCUMENTS

MFS's motion profoundly mischaracterizes the extensive meet and confer process related to plaintiffs' subpoenas for documents and Mr. Sette-Ducati's deposition. MFS was served with plaintiffs' subpoena for documents on April 12, 2005, over three months ago. *See* Affidavit of Lesley E. Weaver in Support of Pension Fund Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena by Third Party Massachusetts Financial Services Investment Management, Ex. 2. The parties first met and conferred on April 29, 2005. During this process, plaintiffs granted MFS a two-week extension of time to produce documents after May 16, 2005, and agreed to limit the scope of the subpoena. *Id.*, Exs. 4 & 5. In fact, MFS did not produce any documents until June 10, 2005, just one week before the deposition of MFS analyst David Sette-Ducati. Only with this production were plaintiffs made aware that MFS was redacting responsive documents on grounds of a purported "analyst" privilege. *Id.*, Ex. 6. Prior to the deposition, and during the deposition, plaintiffs' counsel informed MFS that if all responsive documents were not produced in their entirety and without redactions, plaintiffs would be forced to bring a motion to compel and would seek to re-depose Mr. Sette-Ducati. *Id.*, Exs. 7 & 8 at 87:16-88:1.

Following the deposition, all attempts to meet and confer having failed, plaintiffs filed their motion to compel. On July 12, 2005, the parties again met and conferred–a week before MFS's

opposition was due, and a week after plaintiffs filed their motion. During the course of several conversations, plaintiffs offered to review documents on an "attorneys' eyes only" basis prior to the due date for MFS's opposition—last Tuesday, July 20, 2005. Olts Decl., Ex. 2. MFS indicated that it would consider this proposal. Contrary to MFS's declaration, ***at no point in time did plaintiffs' counsel agree to any extension of time on MFS's opposition date***. The implication that plaintiffs' counsel made such an offer and rescinded it is flatly untrue. *Id.*, Ex. 3. Notably, the declaration by MFS's counsel does not even pretend to identify an agreed upon date. Plaintiffs' proposal was set forth in writing to MFS in a letter that MFS received five days before its opposition was due. *Id.*, Ex. 2. MFS did not respond to that letter.

Following the entry of this Court's Order, plaintiffs sought production of the improperly-withheld documents. Rather than producing the documents, MFS responded that it would seek to overturn this Court's Order. *Id.*, Ex. 4. At the same time, MFS inexplicably produced additional redacted documents. *See id.*, Ex. 1. These documents—which are still insufficient and redacted at whim—are an admission that MFS improperly withheld documents prior to Mr. Sette-Ducati's deposition. That is, MFS has produced these additional documents while still asserting the purported "analyst privilege" with absolutely no explanation as to why they were not produced before. Moreover, it is evident from this production that MFS has simply redacted portions of the documents where the analysts perceived something negative about Cisco or the individually-named defendants. *See id.*, Ex. 5 (redacting in mid-sentence a statement that appears to reflect negative information about Cisco's financial condition). Such artful redaction does not comply with the letter or spirit of the Federal Rules.

At this juncture, should MFS's motion be granted, it will simply have bought more time for the Cisco Defendants and further imperil plaintiffs' ability to question the individual defendants about

- 3 -

key issues in the litigation. Plaintiffs respectfully ask that this Court order the production of all responsive documents by Friday, July 29, 2005, and that a deposition date be set for Mr. Sette-Ducati by this Wednesday, July 27, 2005.

### III. MFS'S MOTION BLATANTLY MISCHARACTERIZES THE MEET AND CONFER PROCESS, UNDULY PREJUDICES PLAINTIFFS AND SHOULD BE DENIED

A motion for reconsideration may only be granted where either new facts exist or a clear error of law has occurred. *Bull HN Info. Sys. v. Hutson*, 184 F.R.D. 19, 21 (D. Mass. 1999) (holding the party moving for reconsideration must "either clearly establish a manifest error of law or must present newly discovered evidence") (citation omitted); *FDIC v. Caia*, 830 F. Supp. 60, 63 (D.N.H. 1993) ("A motion to reconsider is appropriate where the court has clearly misunderstood a party, has made a decision outside the issues presented by the parties, has made an error not of reasoning but apprehension, or where there has been a significant change in the law or the facts since the court's prior ruling.") (citation omitted). MFS does not contend that any new facts or errors of law apply here. Thus no grounds whatsoever exist for reconsidering the Court's Order.

Similarly, a court will vacate an order only for good cause. *Conetta v. Nat'l Hair Care Ctrs., Inc.*, 236 F.3d 67, 74 (1st Cir. 2001) (holding that "good cause" is necessary to vacate a judgment). No such good cause exists here, where after delaying the production of these documents for over two months, and producing additional documents requiring the re-deposition of its witness at this late date, MFS miscalculated its opposition due date–despite that plaintiffs' counsel informed MFS that the opposition was due on Tuesday, July 20, 2005, in the meet and confer. Olts Decl., ¶2.

MFS failed to timely oppose plaintiffs' motion. Instead of accepting the consequences of this mistake, MFS now seeks to embroil plaintiffs and the Court in further motion practice. Such a delay unduly prejudices plaintiffs and rewards MFS's dilatory practice. Plaintiffs have already been forced to bring a motion to compel in a jurisdiction across the country from where the litigation is pending

and will have to re-open the deposition of Mr. Sette-Ducati, all at a cost of thousands of dollars. Most importantly, however, plaintiffs have lost precious weeks of time. The discovery cut-off for this litigation is two months away, and the depositions of some of the individuals interviewed by MFS are only weeks away. The substance of the documents at issue is not frivolous; it relates directly to conversations with Cisco employees and officers, including individual defendants, regarding Cisco's financial condition during the Class Period. Accordingly, further delay may necessitate not only the re-deposition of Mr. Sette-Ducati, but also these Cisco officers and employees.

Plaintiffs simply cannot wait any longer for documents that should have been produced months ago, and respectfully ask that the Court stand by its July 20, 2005 Order and deny MFS's motion to vacate. In the alternative, plaintiffs seek that the Court deny the motion on its merits, and order the production of all responsive documents by Friday, July 29, 2005, and that a deposition date be set for Mr. Sette-Ducati by Wednesday, July 27, 2005.

## IV. CONCLUSION

For the reasons detailed above MFS's motion to reconsider or vacate should be denied.

DATED: July 26, 2005

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
SPENCER A. BURKHOLZ
DANIEL S. DROSMAN
JONAH H. GOLDSTEIN
MATTHEW P. MONTGOMERY
LUCAS F. OLTS
JESSICA D. TALLY


              /s/ Lucas F. Olts
_____
              LUCAS F. OLTS

401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

KRAKOW & SOURIS, LLC
CHRISTOPHER N. SOURIS (BBO #556343)
225 Friend Street
Boston, MA 02114
Telephone: 617/723-8440
617/723-8443 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
LESLEY E. WEAVER
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SANDRA STEIN
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
Telephone: 215/988-9546
215/988-9885 (fax)

LEVIN, PAPANTONIO, THOMAS, MITCHELL,
  ECHSNER & PROCTOR, P.A.
FREDRIC G. LEVIN
J. MICHAEL PAPANTONIO
TIMOTHY M. O'BRIEN
316 South Baylen Street, Suite 600
Pensacola, FL 32501
Telephone: 850/435-7000
850/436-6084 (fax)

Co-Lead Counsel for Plaintiffs

S:\CasesSD\Cisco\BRF 00022974.doc

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2.      That on July 26, 2005, declarant served the OPPOSITION TO MASSACHUSETTS FINANCIAL SERVICES COMPANY'S MOTION TO RECONSIDER OR VACATE ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of July, 2005, at San Diego, California.

                                          /s/ Pamela Jackson
                                          PAMELA JACKSON

CISCO (MASSACHUSETTS)

Service List - 7/26/2005   (201-110M)

Page 1 of 2

**Defendant(s)**

Dean S. Kristy
Kevin P. Muck
Felix Lee
Fenwick & West LLP
275 Battery Street, Suite 1500
San Francisco, CA  94111
   415/875-2300
   415/281-1350 (Fax)

Norman J. Blears
Daniel T. Rockey
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA  94025
   650/324-7000
   650/324-0638 (Fax)

Carol Lynn Thompson
Heller Ehrman LLP
333 Bush Street, Suite 3100
San Francisco, CA  94104-2878
   415/772-6000
   415/772-6268 (Fax)

Theodore P. Senger
PricewaterhouseCoopers LLP
333 Market Street
San Francisco, CA  94104
   415/498-5000
   415/498-7135 (Fax)

Dan K. Webb
Robert Y. Sperling
Robert L. Michels
Winston & Strawn LLP
35 West Wacker Drive, Suite 4200
Chicago, IL  60601-9703
   312/558-5600
   312/558-5700 (Fax)

**Plaintiff(s)**

J. Nixon Daniel, III
David L. McGee
Terri L. Didier
Beggs & Lane
501 Commendencia Street, P.O. Box 12950
Pensacola, FL  32591
   850/432-2451
   850/469-3330 (Fax)

Christopher N. Souris
Krakow & Souris, LLC
225 Friend Street
Boston, MA  02114
   617/723-8440
   617/723-8443 (Fax)

CISCO (MASSACHUSETTS)

Service List - 7/26/2005    (201-110M)

Page 2 of 2

Scot Bernstein
Law Office of Scot Bernstein
10510 Superfortress Avenue, Suite C
Mather Field, CA  95655
  916/447-0100
  916/933-5533 (Fax)

Darren J. Robbins
Spencer A. Burkholz
Daniel S. Drosman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Patrick J. Coughlin
Lesley E. Weaver
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)

Timothy M. O'Brien
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A.
316 South Baylen St., Suite 600
Pensacola, FL  32501
  850/435-7000
  850/436-6084 (Fax)

**Third Party Counsel**

William H. Paine
Sharon Simpson-Jones
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
  617/526-6000
  617/526-5000 (Fax)