UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re CISCO SYSTEMS, INC. SECURITIES LITIGATION | ) ) ) ) | No. 05-10261-RWZ<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) | DECLARATION OF LUCAS F. OLTS IN SUPPORT OF OPPOSITION TO MASSACHUSETTS FINANCIAL SERVICES COMPANY'S MOTION TO RECONSIDER OR VACATE ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION |

I, LUCAS F. OLTS, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California and before this Court pursuant to the Court's order granting my *pro hac vice* motion with respect to the instant action. I am an associate with the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, one of the counsel of record for plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      On July 12, 2005, plaintiffs met and conferred telephonically with MFS's counsel, Sharon Simpson Jones. During that meet and confer, plaintiffs told Ms. Jones that they believed MFS's opposition to plaintiffs' motion to compel was due on Tuesday, July 20, 2005

3.      Attached are true and correct copies of the following exhibits:

Exhibit 1:      July 20, 2005 letter from Sharon Simpson Jones to Lesley Weaver;

Exhibit 2:      July 15, 2005 letter from Lucas F. Olts to Sharon Simpson Jones

Exhibit 3:      July 18, 2005 letter from Lucas F. Olts to Sharon Simpson Jones;

Exhibit 4:      July 21, 2005 letter from Lucas F. Olts to Sharon Simpson Jones; and

Exhibit 5:      Documents produced by MFS on July 20, 2005, Bates numbers MFS-CSCO 01242-43.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of July, 2005, at San Diego, California.

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
LUCAS F. OLTS

/s/ Lucas F. Olts
LUCAS F. OLTS

- 1 -

401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Co-Lead Counsel for Plaintiffs

S:\CasesSD\Cisco\DEC 00022977 lfo.doc

<u>DECLARATION OF SERVICE BY MAIL</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2.      That on July 26, 2005, declarant served the DECLARATION OF LUCAS F. OLTS IN SUPPORT OF OPPOSITION TO MASSACHUSETTS FINANCIAL SERVICES COMPANY'S MOTION TO RECONSIDER OR VACATE ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 26th day of July, 2005, at San Diego, California.

                                        /s/ Pamela Jackson
                                        _____
                                        PAMELA JACKSON

CISCO (MASSACHUSETTS)

Service List - 7/26/2005    (201-110M)

Page 1 of  2

**Defendant(s)**

Dean S. Kristy
Kevin P. Muck
Felix  Lee
Fenwick & West LLP
275 Battery Street, Suite 1500
San Francisco, CA  94111
  415/875-2300
  415/281-1350 (Fax)

Norman J. Blears
Daniel T. Rockey
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA  94025
  650/324-7000
  650/324-0638 (Fax)

Carol Lynn Thompson
Heller Ehrman LLP
333 Bush Street, Suite 3100
San Francisco, CA  94104-2878
  415/772-6000
  415/772-6268 (Fax)

Theodore P. Senger
PricewaterhouseCoopers LLP
333 Market Street
San Francisco, CA  94104
  415/498-5000
  415/498-7135 (Fax)

Dan K. Webb
Robert Y. Sperling
Robert L. Michels
Winston & Strawn LLP
35 West Wacker Drive, Suite 4200
Chicago, IL  60601-9703
  312/558-5600
  312/558-5700 (Fax)

**Plaintiff(s)**

J. Nixon Daniel, III
David L. McGee
Terri L. Didier
Beggs & Lane
501 Commendencia Street, P.O. Box 12950
Pensacola, FL  32591
  850/432-2451
  850/469-3330 (Fax)

Christopher N. Souris
Krakow & Souris, LLC
225 Friend Street
Boston, MA  02114
  617/723-8440
  617/723-8443 (Fax)

CISCO (MASSACHUSETTS)

Service List - 7/26/2005   (201-110M)

Page 2 of 2

Scot Bernstein
Law Office of Scot Bernstein
10510 Superfortress Avenue, Suite C
Mather Field, CA 95655
  916/447-0100
  916/933-5533 (Fax)

Darren J. Robbins
Spencer A. Burkholz
Daniel S. Drosman
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423 (Fax)

Patrick J. Coughlin
Lesley E. Weaver
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534 (Fax)

Timothy M. O'Brien
Levin, Papantonio, Thomas, Mitchell, Echsner &
Proctor, P.A.
316 South Baylen St., Suite 600
Pensacola, FL 32501
  850/435-7000
  850/436-6084 (Fax)

**Third Party Counsel**

William H. Paine
Sharon Simpson-Jones
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
  617/526-6000
  617/526-5000 (Fax)

# EXHIBIT 1

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

July 20, 2005

**_By Federal Express_**

REC'D JUL 21 2005

Lesley E. Weaver, Esq.
Lerach Coughlin Stoia Geller Rudman
    & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111

Sharon Simpson Jones

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6887
+1 617 526 5000 fax
sharon.simpsonjones@wilmerhale.com

Re:    In re Cisco Systems, Inc. Securities Litigation

Dear Lesley:

As we discussed during our telephone conference on July 12, 2005, you will find enclosed
additional documents produced by MFS Investment Management ("MFS") in response to the
subpoena duces tecum dated April 8, 2005 and served on April 13, 2005. These documents
constitute communications between Cisco and MFS's research analysts assigned to Cisco for the
time period May 1, 1999 to June 1, 2001, as excerpted from research notes and related notes.
The documents are Bates numbered MFS-CSCO 01221 - 01263.

As I indicated during our July 12 discussion, MFS has redacted the documents to protect the
expert work product of its research analysts. Pursuant to Fed. R. Civ. P. 45(c)(3)(B)(ii), MFS is
not required to produce its analysts' expert work product. MFS makes this production in the
interest of narrowing, if not resolving, the dispute between plaintiffs and MFS.

Very truly yours,

Sharon Simpson Jones

SS:mhf
Enclosures

# EXHIBIT 2



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

LUCAS F. OLTS
lukeo@lerachlaw.com

July 15, 2005

<u>VIA FACSIMILE/</u>
<u>ORIGINAL TO FOLLOW BY U.S. MAIL</u>

Sharon Simpson Jones
WILMER, CUTLER, PICKERING, HALE & DORR
60 State Street
Boston MA, 02109
617-526-5000

Re:   *In re Cisco Systems, Inc. Securities Litigation*
      No. C-01-20148-JW(PVT)

Dear Sharon:

I write to memorialize the meet and confer on July 12, 2005 between you, myself, and Lesley Weaver regarding plaintiffs' motion to compel documents responsive to the subpoena served on MFS in the above entitled matter. During the meet and confer, you offered to produce all documents that reflect any communications between MFS and Cisco, but you continued to refuse to produce any documents which reflect "analysis" done by MFS. It is your position that such documents are protected by a purported "analysts' privilege."

Plaintiffs do not believe any such claim of privilege is applicable to this situation. Plaintiffs are not seeking to piggyback on MFS' intellectual property for its intended use (*i.e.*, to make investment decisions about Cisco). Rather, plaintiffs simply seek MFS' analysis of Cisco during the relevant period of the subpoena based on information that was withheld from other shareholders, and the witnesses' reaction to that information as an assessment of its plausibility.

Limiting MFS' document production to exclude the analysts' assessment of the veracity or plausibility of Cisco's statements is unacceptable. Any analysis done by MFS of their communications with Cisco is relevant to the litigation because it demonstrates the materiality of the statements made by Cisco.

In an effort to reach a resolution and without conceding that such analysis is entitled to any trade secret protection, plaintiffs again offered to treat any analysis done by MFS as confidential under the Protective Order, just as all trade secrets are typically treated in the litigation process. Plaintiffs also proposed that MFS produce a set of responsive documents to be reviewed "attorney's eyes only" by plaintiffs' counsel prior to the day MFS' opposition to plaintiffs' motion is due. If the documents being withheld are truly inapplicable to the litigation, plaintiffs will consider MFS' request that the documents be withheld from the general production.





**LERACH**
**COUGHLIN**
**STOIA**
**GELLER**
**RUDMAN**
**ROBBINS** LLP

Sharon Simpson Jones
July 15, 2005
Page 2

   In response, you represented that you would consult with MFS and get back to us as soon as possible.

Sincerely,

LUCAS F. OLTS

LFO:gm

S:\CasesSD\Cisco\Corres\LTR Jones 071505 lfo.doc



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
JUL 15 2005 WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE
BY:

# FACSIMILE COVER SHEET

**To:     Name:** SHARON SIMPSON-JONES

**Company:** WILMER CUTLER PICKERING HALE & DORR

**Facsimile No:** 617 526·5000     **Telephone No.:** 617·526·6000

**From:** LUKE F. OLTS

Facsimile No.: (619) 231-7423         Telephone No.: (619) 231-1058

**Message:** _____

_____

_____

_____

**Case Code:** 201110.1          **EMP Code:** _____

**Date:** 7-15-05          **Time:** _____

You should receive ___3___ pages, including the cover sheet.

**Please call fax operator at (619) 231-1058, extension 4590, if all pages are not received.**

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

# EXHIBIT 3

COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

LUCAS F. OLTS
lukeo@lerachlaw.com

July 18, 2005

VIA FACSIMILE

Sharon Simpson Jones
WILMER, CUTLER, PICKERING, HALE & DORR
60 State Street
Boston MA, 02109

Re:     *In re Cisco Systems, Inc. Securities Litigation*
        No. C-01-20148-JW(PVT)

Dear Ms. Jones:

I write in response to the voicemail you left for Lesley Weaver this afternoon. First, your voicemail mischaracterizes plaintiffs' proposal during the July 12, 2005 meet and confer. During the meet and confer, and subsequently memorialized in my letter of July 15, 2005, plaintiffs proposed a plan by which MFS would produce **all** responsive documents, prior to filing their opposition to plaintiffs' motion to compel, and that plaintiffs would review the documents "attorney's eyes only". Your voicemail represented that MFS would produce all "communications" between MFS and Cisco during the relevant period, but you continue to refuse to produce any documents which reflect "analysis" done by MFS. As plaintiffs have repeatedly stated, all analysis done by MFS of their communications with Cisco is relevant to the litigation because it demonstrates the materiality of the statements made by Cisco and not protected by any purported privilege. It is clear you have rejected plaintiffs' proposal that MFS produce **all** responsive documents as "attorney's eyes only." As MFS has refused to produce these documents, it is necessary to litigate this issue before the Court.

Second, plaintiffs oppose any extension of time for MFS to reply to plaintiffs' motion to compel. With the discovery cutoff in the litigation just three months away, any delay in resolving this matter would be highly prejudicial to plaintiffs' ability to prosecute their claims. At no time during the meet and confer did plaintiffs agree to an extension of time, nor would we now at this late date.

LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS LLP

Sharon Simpson Jones
July 18, 2005
Page 2


       Please contact either myself or Lesley Weaver if you have any questions.

                         Sincerely,

                         LUCAS F. OLTS

LFO:maj

S:\CasesSD\Cisco\Corres\LTR00022812.doc

# EXHIBIT 4



**LERACH**
**COUGHLIN**
**STOIA**
**GELLER**
**RUDMAN**
**& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

LUCAS F. OLTS
lukeo@lerachlaw.com

July 21, 2005

<u>VIA FACSIMILE/</u>
<u>ORIGINAL TO FOLLOW BY U.S. MAIL</u>

Sharon Simpson Jones
WILMER, CUTLER, PICKERING, HALE & DORR
60 State Street
Boston MA, 02109
617-526-5000

    Re:   *In re Cisco Systems, Inc. Securities Litigation*
         No. C-01-20148-JW(PVT)

Dear Sharon:

    Consistent with Judge Zobel's Order of July 20, 2005, I write to seek the immediate production of all responsive documents by Massachusetts Financial Services Investment Management's ("MFS") in the above entitled litigation.

    During our telephone conversations today, you requested additional time to file an opposition to plaintiffs' motion to compel, despite that the time to file an opposition has passed, and the Court has entered an order granting plaintiffs' motion. As I stated, plaintiffs do not believe any extension of time is appropriate and stretches far beyond the bounds of any professional courtesy. Indeed, even if plaintiffs were inclined to grant your request (and we are not), plaintiffs have no authority to do so when the Court has ruled. As you know, last week plaintiffs offered in good faith to review documents on an attorneys' eyes-only basis, expressly conditioned on that fact that the briefing schedule not be extended. MFS declined to accept this offer.

    Plaintiffs will be severely prejudiced by any further delay in the production of these documents. With the discovery cutoff in the litigation only two months away, and the depositions of some of the individuals interviewed by MFS in just weeks (including Cisco CEO John Chambers), plaintiffs cannot wait any longer for documents that should have been produced months ago. MFS was served with plaintiffs' subpoena on April 12, 2005. Even after plaintiffs granted MFS an extension to respond, MFS was to produce all responsive documents by May 23, 2005. Two months later, plaintiffs are still seeking responsive documents that are in your possession and are improperly withheld.

    Furthermore, the production of documents received from your office today - while still clearly deficient – is an admission that MFS improperly withheld documents prior to Mr. Sette-Ducati's deposition, even under MFS' own reasoning. That is, MFS has produced these additional documents while still asserting the "analyst privilege" with absolutely no explanation as to why they were not produced before. These documents alone are grounds for re-opening Mr. Sette-Ducati's deposition. What's more, it is evident from this production that MFS has simply redacted portions of the documents where the analysts perceived



Sharon Simpson Jones
July 21, 2005
Page 2

something negative about Cisco or the individual defendants. Such artful redaction clearly does not comply with the letter or spirit of the Federal Rules. In any event, the Court has now compelled you to produce all responsive documents without redactions.

As it stands, plaintiffs have been forced to bring a motion to compel in a jurisdiction across the country from where the litigation is pending and will have to re-open the deposition of Mr. Sette-Ducati, all at a cost of precious weeks of time and thousands of dollars. In light of Judge Zobel's order, plaintiffs now seek production of all documents responsive to their subpoena, including unredacted versions of previously produced documents, by Friday, July 29, 2005. Further, plaintiffs propose the dates of August 22, September 2, 6, or 7, 2005 to re-open the deposition of Mr. Sette-Ducati. Please confirm which of these dates is acceptable to MFS and Mr. Sette-Ducati no later than close of business on Tuesday, July 26, 2005. If we do not receive a firm date and the documents by these dates, plaintiffs will have no alternative but to bring an expedited motion to compel compliance with Judge Zobel's order.

Sincerely,

LUCAS F. OLTS

LFO:maj

S:\CasesSD\Cisco\Corres\LTR Jones 072105 lfo.doc

# EXHIBIT 5

**Research Note Detail**

*Equity and Fixed Income Research Notes Written*
*from January 1, 1998 to April 20, 2005*

REDACTED

**Nov 9, 1999**

**Sette-Ducati, D**        11/9/1999 31:22
6062

=1R    $74.25      Jul    '00: 75.0x .99   '01: 57.6x 1.29   ->30%    Nil $245b

**Content**

Details on the Cisco quarter

Company reported a solid 1Q00 and results on all fronts were a ahead of
expectations. Operating EPS came in at $.24, one penny better and up 41%
YoY. Revenues came in at $3.88 bn, which was +49% YoY and +9.3%
sequentially. Operating metrics and balance sheet items were, in general,
very good and support strong execution and overall health of business.
Here are the line item details;

|            | 1Q00      | YoY      | QoQ       |
|------------|-----------|----------|-----------|
| Revenues   | $3.88 bn  | +49%     | +9%       |
| GM         | 64.8%     | +10 bps  | -60 bps   |
| R&D        | 13.8%     | -40 bps  | +80 bps   |
| S&M        | 20.7%     | +90 bps  | +80 bps   |
| EBIT       | 28.1%     | +20 bps  | -160 bps  |
| EPS        | $0.24     | +41%     | NM        |
| Tax rate   | 30.0%     |          |           |
|            |           |          |           |
| DSOs       | 33 days   | -23 days | +1 day    |
| Inv Turns  | 8.3x      | -21%     | +6%       |
| Accts Rec  | $1.39 bn  |          | +149 mm   |
| Inventory  | 655 mm    |          | +  3 mm   |
| Headcount  | 23,492    |          | +2385     |

Conference Call information

What mgmt did indicate is that they
expecte duration of the y2k blip to be shorter than originally
anticipated. Incremental information out of the call suggested
Book to bill remains north of 1. Service provider
bookings were +80%, which indicates
Mgmt cites large enterprise customers will generate
some softness in next few quarters but is confident momentum in the
service provider segment and small/medium enterprise will more than offset
this and enable company to deliver within internal expectations. CFO Larry
Carter cited the balance sheet should maintain existing levels of
performance over next quarter, at least.

**MFS-CSCO 01242**
**CONFIDENTIAL**

**Research Note Detail**

I have a good number of details to share out of conference call regarding specifici product lines, comments on competition (LU and NT) and general information on overall business. It's too much to include in this note

**Jan 19, 2000**                                                   **REDACTED**

**Sette-Ducati, D**
6062                                                              1/19/2000 12:28
=1R   $112.00      Jul    '00: N/Mx 1.03   '01: 81.2x 1.38  ->32%   Nil $383b

**Content**

THESIS INTACT, NO CHANGE IN CISCO OUTLOOK OR POSITION ON THE STOCK

We spent a considerable amount of time with Cisco last week at their rapidly expending campus in San Jose. In sum, the meetings provided excellent information on the LT outlook, overall business trends and gave us a good idea of the strength of management. Incremental information for me was limited, but I did pick up a few key points which I will pass on.

SERVICE PROVIDER FUNDAMENTALS> I caught SVP Kevin Kennedy after he addressed our group and went over the current pace of business. Frankly, Kevin said he feels significantly better about business today versus where he stood on Dec. 1st. Why? According to Kennedy, 4-5 incremental carrier customers approached Cisco over the last 6 weeks about building out IP networks, all of which would represent new business wins. Kennedy would not mention any names, but he's clearly encouraged by the adoption of IP at the carrier level and believes it should be an important catalyst to keep up the robust growth pace in the Service Provider segment.

**MFS-CSCO 01243**
**CONFIDENTIAL**