UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
In Re CISCO SYSTEMS, INC.               )
SECURITIES LITIGATION                   )   No. 05-10261-RWZ
                                        )
_____)

**REPLY MEMORANDUM IN SUPPORT OF MFS's MOTION TO VACATE OR RECONSIDER**

1.  Plaintiffs don't need Mr. Sette-Ducati's deposition to depose Cisco employees about their conversations with him. They already took his deposition on this subject. They have had all of his notes of Cisco conversations since before the deposition. On July 20, 2005, MFS produced redacted analytical work product containing all other references to his conversations with Cisco (i.e., those that had been reproduced in his analytical reports).

2.  MFS's production of the additional redacted documents is not inexplicable. Plaintiffs after they filed their motion to compel said they'd consider dropping their motion upon production of the portion of the analytical work product reflecting conversations with Cisco people. MFS had objected to producing analysis (as privileged) or the portion of analytical reports that made reference to information supplied by Cisco (as burdensome). By the time plaintiffs decided to press their motion in any event, MFS had already separated the conversations from the analysis in the analytical reports. At that point, it was no longer burdensome to produce the redacted documents and MFS did so.

3.  Plaintiffs say they never said they'd agree to an extension to respond to their motion in connection with what MFS understood was their offer to consider dropping their motion upon production of the redacted documents. But that is not what MFS understood. When plaintiffs were clear that they would neither compromise nor consent to an extension,

- 1 -

- 2 -

MFS decided to produce the documents it had redacted anyway and to file the opposition in the ordinary course. Counsel made a mistake about the due date, perhaps because she was trying to conclude this matter while commencing her service *pro bono* (for the next six months) as an Assistant District Attorney in Middlesex County.

4. There is no basis for plaintiffs' supposition that what is redacted from the documents is the substance of conversations with Cisco that would not be helpful to Cisco's case. MFS is not in league with Cisco. What has been redacted is MFS analysis, and not what Cisco told MFS.

5. The motion to compel and the opposition present a legal question that is ripe for decision and fully briefed.

6. MFS requests that the Court decide the motion on the merits. The documents at issue are ready for production if the Court rules in favor of plaintiffs. If so, MFS will produce the documents the day following notice of the Court's order and will produce Mr. Sette-Ducati for the continuation of his deposition on one of the three dates in September suggested by plaintiffs.

MASSACHUSETTS FINANCIAL
 SERVICES COMPANY

By its attorneys,

Dated: July 26, 2005

/s/ William H. Paine
William H. Paine (BBO #550506)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Certificate of Service
I certify that I caused a copy of this memorandum by first class mail on plaintiffs' counsel on July 26, 2005.
/s/ William H. Paine

US1DOCS 5216056v1