UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re CISCO SYSTEMS, INC. SECURITIES LITIGATION | ) ) ) ) | No. 05-10261-RWZ<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | ) ) ) ) ) | PENSION FUND PLAINTIFFS' RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS |

The Pension Fund plaintiffs in this action respectfully renew their motion to compel Massachusetts Financial Services Investment Management ("MFSIM") to produce documents. In support of their motion, the Pension Fund plaintiffs state as follows:

Plaintiffs originally filed their motion on July 5, 2005 to compel MFSIM to produce documents pursuant to a subpoena. (Docket No. 1). MFSIM opposed the motion, contending that the documents were protected by Rule 45(c)(3)(B)(ii). On August 1, 2005, this Court issued an order noting that the Court had not reviewed the documents and was not in a position to determine the applicability of the Rule with respect to particular documents, and ordered MFSIM to file a privilege log. Plaintiffs were given leave to renew their motion to test MFSIM's assertions of expert work product.

MFSIM produced a log, a copy of which is attached as Exhibit A to this motion. The log, however, contains bare assertions that an expert privilege applies without providing any more information than they provided in their opposition to plaintiffs' motion. By letter of August 17, 2005, a copy of which is attached as Exhibit B to this motion, plaintiffs indicated that they did not challenge any attorney work product privilege, but remained unpersuaded that the privilege applied in this case. MFSIM did not respond to this letter until August 22, 2005, when plaintiffs' counsel spoke with counsel for MFSIM by telephone. MFSIM's counsel refused to produce the documents or Mr. Sette-Ducati for deposition.

Plaintiffs face an imminent discovery deadline of September 30, 2005 in this case. Plaintiffs filed their original motion only after attempting for months to secure voluntary compliance with the subpoena. Plaintiffs have made every effort to consult with counsel for MFSIM to resolve this dispute without further intervention of the Court, but it has become apparent that MFSIM's only intends to continue to stonewall. Accordingly, plaintiffs

respectfully request that the Court review the documents *in camera* at its earliest convenience to determine the applicability of Rule 45(c)(3)(B)(ii) to the withheld documents, and order the resumption of Mr. Sette-Ducati's deposition.

## CONCLUSION

For the foregoing reasons and the reasons set forth in connection with plaintiffs' original motion to compel, plaintiffs' motion to compel should be granted after an *in camera* review by the Court of the withheld documents and they should be permitted to resume the deposition of Mr. Sette-Ducati.

DATED: August 24, 2005

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
SPENCER A. BURKHOLZ
DANIEL S. DROSMAN
JOHAN H. GOLDSTEIN
MATTHEW P. MONTGOMERY
LUCAS F. OLTS
JESSICA D. TALLY

401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

KRAKOW & SOURIS, LLC
CHRISTOPHER N. SOURIS (BBO #556343)
225 Friend Street
Boston, MA 02115
Telephone: 617/723-8440
617/723-8443 (fax)

_____
CHRISTOPHER N. SOURIS

       LERACH COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS, LLP
       SANDRA STEIN
       1845 Walnut Street, 25th Floor
       Philadelphia, PA 19103
       Telephone: 215/988-9546
       215/988-9885

       LEVIN, PAPANTONIO, THOMAS, MITCHELL,
        ECHSNER & PROCTOR, P.A.
       FREDRIC G. LEVIN
       J. MICHAEL PAPANTONIO
       TIMOTHY M. O'BRIEN
       216 South Baylen Street, Suite 600
       Pensacola, FL 32501
       Telephone: 850/435-7000
       850/436-6084 (fax)

       Co-Lead Counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be served by first class U.S. mail on this date to the persons listed on the attached sheet

_____
Christopher N. Souris

CISCO (MASSACHUSETTS)
Service List - 7/26/2005    (201-110M)
Page 1 of 2

**Defendant(s)**

Dean S. Kristy
Kevin P. Muck
Felix Lee
Fenwick & West LLP
275 Battery Street, Suite 1500
San Francisco, CA 94111
   415/875-2300
   415/281-1350(Fax)

Carol Lynn Thompson
Heller Ehrman LLP
333 Bush Street, Suite 3100
San Francisco, CA 94104-2878
   415/772-6000
   415/772-6268(Fax)

Dan K. Webb
Robert Y. Sperling
Robert L. Michels
Winston & Strawn LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601-9703
   312/558-5600
   312/558-5700(Fax)

Norman J. Blears
Daniel T. Rockey
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA 94025
   650/324-7000
   650/324-0638(Fax)

Theodore P. Senger
PricewaterhouseCoopers LLP
333 Market Street
San Francisco, CA 94104
   415/498-5000
   415/498-7135(Fax)

**Plaintiff(s)**

J. Nixon Daniel, III
David L. McGee
Terri L. Didier
Beggs & Lane
501 Commendencia Street, P.O. Box 12950
Pensacola, FL 32591
   850/432-2451
   850/469-3330(Fax)

Christopher N. Souris
Krakow & Souris, LLC
225 Friend Street
Boston, MA 02114
   617/723-8440
   617/723-8443(Fax)

CISCO (MASSACHUSETTS)

Service List - 7/26/2005   (201-110M)

Page 2 of 2

Scot Bernstein
Law Office of Scot Bernstein
10510 Superfortress Avenue, Suite C
Mather Field, CA 95655
  916/447-0100
  916/933-5533(Fax)

Darren J. Robbins
Spencer A. Burkholz
Daniel S. Drosman
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423(Fax)

Patrick J. Coughlin
Lesley E. Weaver
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
  415/288-4545
  415/288-4534(Fax)

Timothy M. O'Brien
Levin, Papantonio, Thomas, Mitchell, Echsner &
Proctor, P.A.
316 South Baylen St., Suite 600
Pensacola, FL 32501
  850/435-7000
  850/436-6084(Fax)

**Third Party Counsel**

William H. Paine
Sharon Simpson-Jones
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
  617/526-6000
  617/526-5000(Fax)

**EXHIBIT A**

# WILMER CUTLER PICKERING
# HALE AND DORR LLP

August 12, 2005

**_By Federal Express_**

Lucas F. Olts, Esq.
Lerach Coughlin Stoia Geller Rudman
    & Robbins LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

Re:    In re Cisco Systems, Inc. Securities Litigation

Dear Lucas:

Please find enclosed the privilege log of Massachusetts Financial Services Company ("MFS") relating to its production of documents in the above-captioned litigation. MFS continues to assert all applicable privileges, including but not limited to the expert work product privilege enumerated in Federal Rule of Civil Procedure 45(c)(3)(B)(ii).

Very truly yours,

Sharon Simpson Jones

*Sharon Simpson Jones*
    by JMM

Encl.

cc:    William H. Paine, Esq.

Sharon Simpson Jones

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6887
+1 617 526 5000 fax
sharon.simpsonjones@wilmerhale.com

REC'D AUG 1 5 2005

BALTIMORE    BEIJING    BERLIN    BOSTON    BRUSSELS    LONDON
MUNICH    NEW YORK    NORTHERN VIRGINIA    OXFORD    WALTHAM    WASHINGTON

## PRIVILEGE LOG OF MASSACHUSETTS FINANCIAL SERVICES COMPANY ("MFS")

August 12, 2005

| Bates Number | Date | Author(s) | Recipient(s) | Type of Document | Privilege |
|---|---|---|---|---|---|
| MFS-CSCO 00643 | Spring 2000 | David Sette-Ducati | | Handwritten notes (on seminar brochure) prepared for purpose of expert analysis | Redacted for notes constituting third-party expert's conclusions |
| MFS-CSCO 00703 | Spring 2000 | David Sette-Ducati | | Handwritten notes (on seminar brochure) prepared for purpose of expert analysis | Redacted for notes constituting third-party expert's conclusions |
| MFS-CSCO 00755 | 5/09/2005 | John Laupheimer | Pamela Robertson, MFS Legal Department | Notes from MFS Legal Department to MFS employee prepared to provide information necessary for counsel's rendering of legal advice | Redacted for attorney-client privileged communication |
| MFS-CSCO 00757-00758 | 6/19/2000 | David Sette-Ducati, Alan Langsner, John Lathrop, Kate [Mead] McCloskey | MFS Investment Personnel | Internal e-mail report prepared to convey expert analysis | Redacted for third-party expert's conclusions conveyed to portfolio managers and not relating to Cisco |
| MFS-CSCO 00759- | 3/07/2000 | David Sette-Ducati | | Handwritten notes prepared for purpose of | Redacted for notes constituting third- |

- 1 -

| Bates Number | Date | Author(s) | Recipient(s) | Type of Document | Privilege |
|---|---|---|---|---|---|
| 00760 | | | | expert analysis | party expert's conclusions and not relating to Cisco |
| MFS-CSCO 00761-00781 | 3/02/2000 | David Sette-Ducati | | Handwritten notes prepared for purpose of expert analysis | Redacted for notes constituting third-party expert's conclusions and not relating to Cisco |
| MFS-CSCO 00782-00788 | 6/16/1999 | David Sette-Ducati | | Handwritten notes prepared for purpose of expert analysis | Redacted for notes constituting third-party expert's conclusions |
| MFS-CSCO 01060-01071 | 12/01/1999-12/02/1999 | David Sette-Ducati | | Handwritten notes (on agenda and presentation slides) prepared for purpose of expert analysis | Redacted for notes constituting third-party expert's conclusions |
| MFS-CSCO 01110 | 12/01/1999-12/02/1999 | David Sette-Ducati | | Handwritten notes (on presentation slides) prepared for purpose of expert analysis | Redacted for notes constituting third-party expert's conclusions |
| MFS-CSCO 01111-01124 | 12/01/1999-12/02/1999 | David Sette-Ducati | | Handwritten notes (on presentation slides) prepared for purpose of expert analysis | Redacted for notes constituting third-party expert's conclusions |
| MFS-CSCO 01125-| 12/01/1999-12/02/1999 | David Sette-Ducati | | Handwritten notes (on presentation slides) | Redacted for notes constituting third- |

Confidential Material of Massachusetts Financial Services Company

| Bates Number | Date | Author(s) | Recipient(s) | Type of Document | Privilege |
|---|---|---|---|---|---|
| 01139 | | | | | party expert's conclusions |
| MFS-CSCO 01221-01231 | Spring 2000 | Kate Mead | | Handwritten notes prepared for purpose of expert analysis | Redacted for notes constituting third-party expert's conclusions |
| MFS-CSCO 01232-01246 | 5/07/1999-2/08/2000 | David Sette-Ducati | | Reports in MFS's Equity and Fixed Income Research Notes internal database | Redacted for third-party expert's conclusions conveyed to portfolio managers |
| MFS-CSCO 01247-01263 | 4/12/2000-5/30/2001 | Kate Mead | | | |
| MFS-CSCO PD 0001-0004 | 5/25/1999 | Dale Dutile, Liehar Moy, Rob Petrie, David Sette-Ducati, Shahi John, Brooks Taylor, Neil Wagner, Barnaby Wiener | MFR Technology Sector | Presentation prepared to convey expert analysis | Withheld as third-party expert's conclusions conveyed to portfolio managers |
| MFS-CSCO PD 0005 | 10/15/1999 | Ellen Hazen | Dale Dutile, David Sette-Ducati | Email prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers and not relating to Cisco |
| MFS-CSCO PD 0006 | 10/15/1999 | David Sette-Ducati | | Report prepared to convey expert analysis | Withheld as report constituting third- |

Confidential Material of Massachusetts Financial Services Company

| Bates Number | Date | Author(s) | Recipient(s) | Type of Document | Privilege |
|---|---|---|---|---|---|
| MFS-CSCO PD 00007 | 10/13/1999 | Liehar Moy | David Sette-Ducati | Report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers party expert's conclusions conveyed to portfolio managers |
| MFS-CSCO PD 00008 | 10/15/1999 (approx. date) | Neil Taylor | David Sette-Ducati | Report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers and not relating to Cisco |
| MFS-CSCO PD 0009 | 10/15/1999 (approx. date) | Dale Dutile | David Sette-Ducati | Report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers and not relating to Cisco |
| MFS-CSCO PD 0010 | 10/15/1999 (approx. date) | Marcus Smith | David Sette-Ducati | Report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed |

- 4 -

| Bates Number | Date | Author(s) | Recipient(s) | Type of Document | Privilege |
|---|---|---|---|---|---|
| MFS-CSCO PD 0011 | 10/12/1999 | Reinier Dobbelmann | David Sette-Ducati | Report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers and not relating to Cisco |
| MFS-CSCO PD 0012 | 10/11/1999 | David Sette-Ducati | Brooks Taylor, Shaji John, Ellen Hazen, Reinier Dobbelmann, Barnaby Wiener, Marcus Smith, Neil Wagner, Dale Duttie, Nicholas Smithie, Trey Bowers, David Sette-Ducati, Liehar Moy, Andrew Thut | Email string in which third-party expert seeks expert analysis from colleagues and colleague provides response | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers and not relating to Cisco |
| MFS-CSCO PD | 10/11/1999 | Barnaby Wiener | David Sette-Ducati | | Withheld as report |
| MFS-CSCO PD | 10/13/1999 | Trey Bowers | David Sette-Ducati | Email prepared to convey | Withheld as report |

Confidential Material of Massachusetts Financial Services Company

| Bates Number | Date | Author(s) | Recipient(s) | Type of Document | Privilege |
|---|---|---|---|---|---|
| 0013 | | | Ducati | expert analysis | constituting third-party expert's conclusions conveyed to portfolio managers |
| MFS-CSCO PD 0014 | 10/11/1999 | David Sette-Ducati | Brooks Taylor, Shaji John, Ellen Hazen, Reinier Dobbelmann, Barnaby Wiener, Marcus Smith, Neil Wagner, Dale Dutile, Nicholas Smithie, Trey Bowers, David Sette-Ducati, Lichar Moy, Andrew Thut | Email string in which third-party expert seeks expert analysis from colleagues and colleague provides response | |
| (cont.) | 10/13/1999 | Andrew Thut | David Sette-Ducati | | |
| MFS-CSCO PD 0015-0016 | 10/17/1999 | David Sette-Ducati | MFR Technology Sector | Report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers |
| MFS-CSCO PD | 6/02/2000 | Technology Sector | Portfolio Managers and | Report prepared to convey | Withheld as report constituting third- |

| Bates Number | Date | Author(s) | Recipient(s) | Type of Document | Privilege |
|---|---|---|---|---|---|
| 0017-0027 | | Team | Analysts | expert analysis | party expert's conclusions conveyed to portfolio managers |
| MFS-CSCO PD 0028-0044 | 7/07/2000 | Alan Langsner, Kate [Mead] McCloskey, David Sette-Ducati | MFS Growth Group | Report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers |
| MFS-CSCO PD 0045 | 1/05/2001 | Kate [Mead] McCloskey | | Spreadsheet/report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers |
| MFS-CSCO PD 0046-0047 | 4/17/2001 | Kate [Mead] McCloskey | | Report prepared to convey expert analysis | Withheld as report constituting third-party expert's conclusions conveyed to portfolio managers |

Confidential Material of Massachusetts Financial Services Company

**EXHIBIT B**



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Lesley E. Weaver

August 17, 2005

VIA FACSIMILE
617/526-5000

Sharon Simpson Jones
Wilmer Cutler Pickering
  Hale And Dorr Lip
60 State Street
Boston, MA 02109

Re: *In re Cisco Systems, Inc. Securities Litigation*

Dear Sharon:

Plaintiffs have reviewed the privilege log provided on August 12, 2005. Based on our review, plaintiffs continue to seek the production of the documents you claim are protected by Fed. R. of Civ. Proc. 45(c)(3)(B)(ii). Specifically, plaintiffs challenge MFS' right to withhold any documents listed on the log, other than those withheld on the basis of attorney/client privilege.

As to the entries stating that the notes do not relate to Cisco, plaintiffs do not understand how the documents are otherwise responsive to the subpoena. Furthermore, none of the individuals on the log are identified by their position. As such, it is impossible for plaintiffs to determine if any purported privilege was waived by disclosure and/or if MFS has consistently asserted the purported privilege it seeks to assert as to the pension fund plaintiffs in this action.

As you know, the discovery cut-off in our action quickly approaches. Plaintiffs accommodated your request for additional time to prepare the log, but now seek to meet and confer this week. If the parties are unable to resolve this matter by Friday, August 19, 2005, plaintiffs will have no alternative but to bring a motion to compel production of the documents and Mr. Sette-Ducati on shortened time on Monday, August 22, 2005.

I look forward to hearing from you.

Sincerely,

Lesley Weaver

LEW:reg
T:\CasesSF\Cisco\Corres\081705_SimpsonJones.doc

100 Pine Street, 26th Floor • San Francisco, CA 94111 • 415.288.4545 • Fax 415.288.4534 • www.lerachlaw.com