UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re CISCO SYSTEMS, INC. SECURITIES LITIGATION | Civil Action No. 05-10261-RWZ |

**OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO
COMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs' renewed motion should be denied because the Court has already decided that the privilege at issue applies to documents of the kind withheld by MFS, and the privilege log (consistent with MFS's prior description of the documents) provides the facts necessary to sustain the privilege. Accordingly, *in camera* review by the Court is not warranted.

*Background*

Plaintiffs, who are suing Cisco (not MFS), served a Rule 45 subpoena on MFS. MFS objected to the subpoena on the grounds that Rule 45(c)(3)(B)(ii) protects from disclosure "an unretained expert's opinion or information not describing events or occurrences in dispute." In response to plaintiffs' motion to compel, MFS asserted that the information withheld is in internal documents prepared by research analysts reflecting their conclusions, analysis and opinions, and does not contain communications between Cisco and MFS. Where necessary, MFS produced the communications with Cisco (or notes thereof) and redacted out the conclusions, analysis and opinions. Compare MFS Opp. at 3 with August 1, 2005 Order at 1. MFS noted in its opposition to the original motion that it had produced 1200 pages to plaintiffs, redacted 14 pages to delete mental impressions of MFS experts while producing references to Cisco communications, and redacted 13 pages to obscure expert work product unrelated to Cisco

- 1 -

(while producing other potions of the document related to Cisco).[1] Opp. at 3. The Court ruled that the withheld documents, as described, "fall within the protective language of the Rule," and ordered MFS to prepare a privilege log (if plaintiffs wished to pursue the matter) for the Court to evaluate. Order at 1-2.

Plaintiffs persist. MFS's privilege log ("Log") was submitted with the Renewed Motion. It substantiates MFS's claim of privilege under Rule 45(c)(3)(B)(ii). In each case the author of the documents withheld is an expert not retained by any party to the litigation. See Ex. A hereto (identifying authors and recipients by title). In each case the information withheld reflects conclusions, opinion or analysis (and not communications with Cisco). See Log, Type of Document and Privilege columns. Many of the documents are expert reports. See, e.g., Log, Type of Document Column ("Report prepared to convey expert analysis"). Others are handwritten conclusions, opinions or analysis – as distinct from facts communicated by Cisco upon which such conclusions might be based. See id. ("Handwritten notes prepared for purpose of expert analysis.") The recipients of the documents are other MFS analyst experts or portfolio managers (compare Log, Recipient(s) column with Ex. A hereto), or those on internal MFS distribution lists for investment personnel. See, e.g., Log, Recipient(s) column ("MFS Investment Personnel," "MFR Technology Sector," "Portfolio Managers and Analysts").[2]

*Argument*

MFS previously informed the Court and plaintiffs what was in the portion of the documents withheld. The Court concluded that Rule 45(c)(3) (B)(ii) protects documents or information such as those described. MFS has now provided a privilege log that is consistent

---

[1] MFS originally did not produce expert reports (what it calls research notes) at all, but later produced the portion of such documents reflecting communications with Cisco. Id. at 4-5.

[2] MFS Investment Personnel refers to internal MFS analysts, portfolio managers and associate portfolio mangers; MFR Technology Sector refers to those team of internal MFS analysts and portfolio managers who follow technology and related industries; and Portfolio Managers and Analysts also refers to internal investment personnel.

- 3 -

with its earlier description of what was withheld, and that provides the factual basis supporting the claim of privilege. Thus, there is nothing left for plaintiffs to complain about.

It is not surprising, therefore, that plaintiffs have not made any real argument in support of their renewed motion. They say that they are not "persuaded" that a privilege applies. They also argue that the Log contains "bare assertions" of privilege – but in fact it is no less specific than any privilege log, and it is enough to sustain the privilege. For example, the first entry states that the author is Mr. Sette-Ducati (an expert analyst whose deposition plaintiffs took) and that the portion of the document redacted was handwritten notes "constituting third-party expert's conclusions." This plainly is enough to lay the foundation for the Rule 45 privilege. The second entry is identical. The third plaintiffs do not challenge. The fourth also is adequate. The authors are analyst experts (see Ex. A) including Mr. Sette-Ducati. The recipients are obviously internal (MFS Investment Personnel). The description (even without the benefit of Ex. A) is enough to sustain the privilege as to an "Internal e-mail report prepared to convey expert analysis" which was "Redacted for third-party expert's conclusions conveyed to portfolio managers and not relating to Cisco." All of this is consistent with MFS's earlier description of the documents (Opp. at 3-5), and therefore they are protected from production. See Order at 1.

We need not go on. Aside from incorrect conclusions, plaintiffs offer no basis to renew their motion.[3] They offer no basis for in camera review, which is not ordinarily granted in the absence of facts making it reasonable to believe that a privilege does not apply. See Nishika v. Fuji Photo Film, 181 F.R.D. 465, 467-468 (D. Nev. 1998)(in camera review "not generally favored" and not simply granted upon request; proponent must make a factual showing which

---

[3] Plaintiffs earlier suggested it was stonewalling for MFS to object to production on a legal basis with which they disagreed (but which the Court sustained). They now say it was stonewalling when, in response to their letter containing a demand for a response in two days (addressed to a lawyer that they know is out of the office for six months), they instead got a return call on the third business day (when the letter was first reviewed by counsel).

- 4 -

creates a legitimate issue as to the application of the privilege asserted; speculation is not enough) (citations omitted). Accordingly, plaintiffs' motion should be denied.

MFS

By its attorneys,

Dated: September 7, 2005

/s/ William H. Paine
William H. Paine (BBO #550506)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

- 4 -

US1DOCS 5272325v1

# EXHIBIT A

| NAME | TITLE(S) DURING THE YEARS 1999-2001, 2005 |
|---|---|
| David Sette-Ducati | 1/1/99 Research Analyst<br>3/1/01 SVP Portfolio Manager |
| John D. Laupheimer, Jr. | 1/1/99 SVP Portfolio Manager<br>1/22/99 SVP Director Equity Research-Domestic<br>5/9/05 SVP Portfolio Manager |
| Alan T. Langsner | 9/27/99 Research Analyst |
| John Lathrop | 1/1/99 Research Analyst |
| Katrina [Mead] McCloskey | 1/1/99 Research Analyst<br>3/1/01 VP Research Analyst |
| Pamela A. Robertson | 5/9/05 Paralegal |
| Dale A. Dutile | 1/1/99 Research Analyst<br>3/1/01 SVP Portfolio Manager |
| Liehar Moy | 1/1/99 VP Research Analyst<br>3/1/01 VP Portfolio Manager |
| Rob Petrie | 1/1/99 Research Analyst |
| Shahi John | 1/1/99 Research Analyst |
| Brooks A. Taylor | 1/1/99 Research Analyst<br>1/1/00 VP Research Analyst<br>3/1/01 VP Portfolio Manager |
| Neil Wagner | 1/1/99 Associate Research Analyst<br>3/1/01 VP Portfolio Manager |
| Barnaby M. Wiener (London) | 1/1/99 Research Analyst<br>1/1/00 VP Research Analyst |
| Ellen K. Hazen | 7/26/99 Research Analyst<br>3/1/01 VP Research Analyst |
| Reinier P. Dobbelmann (Japan) | 1/1/99 Research Analyst<br>1/1/00 VP Research Analyst |
| Marcus Smith | 1/1/99 VP Research Analyst<br>3/1/01 VP Portfolio Manager |
| Nicholas D. Smithie | 1/1/99 Research Analyst<br>3/1/01 VP Research Analyst |
| Trey Bowers | 7/26/99 Associate Research Analyst<br>3/1/01 Research Analyst |
| Andrew Thut | 1/1/99 Associate Research Analyst<br>3/1/01 Research Analyst |